```
 1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF MASSACHUSETTS
 2

 3      _____

 4      UNITED STATES OF AMERICA,

 5                    Plaintiff,           Criminal Action
                                           No. 11-10299-DJC
 6      v.
                                           May 21, 2012
 7      DONDRE SNOW,

 8                    Defendant.

 9      _____

10

11            TRANSCRIPT OF STATEMENT OF REASONS

12          BY THE HONORABLE DENISE J. CASPER

13              UNITED STATES DISTRICT COURT

14           JOHN J. MOAKLEY U.S. COURTHOUSE

15                    1 COURTHOUSE WAY

16                    BOSTON, MA   02210

17

18

19

20
                        DEBRA M. JOYCE, RMR, CRR
21                       Official Court Reporter
                     John J. Moakley U.S. Courthouse
22                   1 Courthouse Way, Room 5204
                           Boston, MA   02210
23                          617-737-4410

24

25
```

```
 1                    *   *   *   *   *   *   *   *   *   *
 2         THE COURT:  Counsel, Mr. Snow, thank you for your
 3    patience.
 4         I want to thank counsel for their arguments on both
 5    sides today, certainly gave me a lot to think about, and as I
 6    indicated at the beginning, I had an opportunity to review the
 7    PSR at length and the government's submission and everything in
 8    the record before me.
 9         In consideration of what a reasonable sentence would
10    be here, Mr. Snow, I must consider, and I have considered, a
11    range of factors:  the advisory guideline sentencing range
12    under the sentencing guidelines; the nature and circumstances
13    of the crime charged here; your personal history, including
14    your family background, upbringing, and criminal history and
15    characteristics; the need for the sentence to reflect the
16    seriousness of the offense, promote respect for the law, and
17    provide just punishment and adequate deterrence, that is, to
18    deter you and others from committing the same or similar crimes
19    and to avoid unwarranted sentencing disparities; and all of the
20    factors under Title 18, United States Code 3553(a).
21         Mr. Snow, I want to start with the crime that you
22    committed in this case.  As I think is undisputed at this
23    point, on June 7, 2011, in the Warren Gardens housing
24    development, you negotiated on the phone with a cooperating
25    witness who was working with federal and state agents who was
```

1  looking to buy cocaine, and you sold him five Baggies of
2  cocaine in the courtyard there at Warren Gardens when he showed
3  up to consummate the deal.  One of the Baggies contained .16
4  grams of cocaine, and there's no dispute by the government that
5  the amount of cocaine involved in this, and even the other
6  uncharged offenses, was less than 25 grams.
7       You also stood ready, willing, and able to sell to
8  this cooperating witness on two occasions, on June 15th and
9  June 20th of 2011, a short time after the charged conduct here.
12:08 10  The later of those two dates you never delivered any drugs,
11  although you did take the CW's money for drugs.
12       Neither of those transactions is charged here, and the
13  government's acknowledged that the inclusion of even the deal
14  where the drug sale was completed would not exceed the 25-gram
15  amount.  Nonetheless, the Court should -- and I can't ignore
16  this relevant information as I consider what a reasonable
17  sentence would be here.
18       Mr. Snow, sadly for a person so young, my
19  determination of an appropriate sentence here turns
12:09 20  significantly on your criminal record, that is not just a
21  pattern of drug dealing that's reflected in the charge and
22  uncharged conduct here, but in the criminal record that you've
23  already amassed.  I believe you turned 19 in March of this
24  year, and, yet, your Criminal History Category is already in
25  Category IV.

```
 1            Between the ages of 13 and 18 when you were charged
 2    with this crime, you'd committed numerous other offenses that
 3    had earned you multiple adjudications in juvenile court and a
 4    DYS commitment until your 18th birthday, which I think was
 5    extended to your 21st birthday in light of the offenses in this
 6    case and in light of your state charges that are pending in
 7    state court.
 8            A few of those underlying offenses were serious
 9    offenses of being a felon with a dangerous weapon and
10    threatening in 2006, and the unarmed robbery and assault and
11    battery charge for which you were adjudicated delinquent in
12    2010 and which you were still under at the time you committed
13    the offense in this case.
14            Moreover, after you committed the offense in this case
15    in June of last year, before you were indicted here in
16    September, you were charged with another serious offense, which
17    counsel on both sides has referred to here, which involved a
18    loaded firearm.
19            Now, clearly that case has not been adjudicated.  I
20    don't know what the outcome of that case will be, but certainly
21    for my consideration what's significant is that it occurred in
22    the same area, the Warren Gardens area, in which you committed
23    the instant offense.
24            Your criminal history here is certainly a driving
25    factor, but it's not by any means the only factor I've
```

considered. I have thought long and hard about your personal background and your upbringing. You literally did not have a great start in life, having been born addicted to cocaine as the child of a drug addict. I think it's fair to say you've had no meaningful or sustained relationship with either of your biological parents, and your adoptive mother, Ms. Snow, who raised you and clearly still supports you, has acknowledged her own substance abuse issues during your childhood.

You also have a diagnosis of ADHD and were medicated and received counseling for that issue, as well as for other behavioral issues in school. And I don't think counsel on either side disputes that you may have some cognitive difficulties that have not been fully diagnosed and certainly will be reflected in the conditions of supervised release that I impose.

The government, Mr. Wortmann, has made much of your alleged gang affiliation in the filings and in arguments today. I certainly think there's some credible evidence in the record from the BPD records of past arrest reports to support the position that you are a member of the Warren Gardens street gang, but I don't need to make a finding about that affiliation per se, and I don't, to conclude that you've continually associated with the wrong people. I think your mother acknowledged as much in her interview with the Probation Department. And you particularly associated with the wrong

```
 1   group of people in Warren Gardens, your former home, and the
 2   site of the crime in this case.
 3            All this to say that I think a sentence at the
 4   midpoint of the applicable guideline sentencing range, 24
 5   months, is a reasonable sentence.  It's not just because of
 6   your personal history and characteristics and the nature of the
 7   offense charged here, but also because of the need for just
 8   punishment for the crime and specific and general deterrence,
 9   although I have to say it's more about specific deterrence for
10   me in this case.
11            Mr. Snow, I'm very concerned that you're on the wrong
12   path.  The seriousness and frequency of your crimes, I think,
13   has increased; and even while you were in the custody of DYS
14   for serious crimes, you committed the serious crime charged in
15   this case, and now stand charged with a firearms offense, which
16   I believe carries a minimum mandatory sentence.
17            In terms of the issue of concurrent versus consecutive
18   time, I am going to impose the 24-month sentence concurrent
19   with your DYS commitment but consecutive to any state sentence
20   to be imposed on a pending state firearms charge.  Under Title
21   18, United States Code 3584, in light of the Supreme Court's
22   recent decision in the Setser case, that's S-e-t-s-e-r, v.
23   United States, 132 S. Ct. 1463 (March 28, 2012), gives me
24   discretion to impose the sentence both concurrent with DYS
25   custody and consecutive to any state sentence, and I think it's
```

1  appropriate to impose the sentence in that way.  I think the
2  offense charged here, which was on June 7th of 2011, was
3  separate, distinct, and apart from the conduct which I
4  understand you're charged with in state court, which arises out
5  of your August 2011 possession of a firearm.
6        I also think, it's my understanding, and I think
7  counsel on both sides here was in agreement, that if for some
8  reason the state charge goes away, Mr. Snow, you end up either
9  acquitted of the state charge or for some other reason the
10 state charge is dismissed, that you would get federal credit
11 for the time you've served in state custody on that charge.
12       I also want to briefly address some of the conditions
13 of supervised release that I asked both Mr. Wortmann and
14 Mr. Fick, your counsel, about.
15       In regards to the geographic restrictions, the
16 associational restriction and the curfew, as well as all of the
17 other condition, I understand it's in my discretion under, I
18 believe it's 3584 -- excuse me -- 3583 to impose discretionary
19 conditions, as long as they're reasonably related to the goals
20 of sentencing under 3553, including, but not limited to,
21 related to, reasonably related to adequate deterrence and
22 protection of the public from future crimes of the defendant,
23 involve no greater deprivation of liberty than is reasonably
24 necessary for those purposes, and is consistent with any
25 pertinent policy statement under the guidelines.

```
 1              As to the associational restriction, I think there's
 2    no objection to that condition, but I find it meets all of
 3    those conditions, and is certainly consistent with the policy
 4    statement under 5D1.3(c)9 about defendants not associating with
 5    any persons engaged in criminal activity or who are convicted
 6    felons.
 7              As to the geographic condition, as I suggested on the
 8    record in my questions to both counsel, I had some concerns
 9    about your ability to understand and comply with those
10    conditions, but I think, one, that Probation will take care to
11    explain the geographic restriction to you, and at the end of
12    the day, if there's any violation of that condition, you're
13    going to appear before me, and I can decide whether or not it's
14    an inadvertent or an intentional violation.
15              Also, in regard to the curfew, I know Mr. Fick
16    objected on your behalf to imposition of a curfew of 9:00 p.m.
17    to 6:00 a.m. during the first year of your supervised release,
18    but I do think it's appropriate to impose that condition, at
19    least to start.  There's nothing limiting Probation to moving
20    to revise that condition or to allow you to move to revise that
21    condition should you find employment that requires you to be
22    out and about beyond 9:00 p.m.
23              The other thing I should say about all three of these
24    conditions is that none of them is absolute.  I think the
25    guidance from the 1st Circuit has been that conditions like
```

```
 1   this that are reasonably related to the goals of sentencing are
 2   appropriate, particularly when they're not absolute and there's
 3   language written in that they can be revised with the prior
 4   expressed permission of Probation.  And as I said, any
 5   violation would come before this Court, this session of the
 6   court again.
 7            Accordingly, for all these reasons, and having
 8   considered all of the 3553 factors in a holistic manner,
 9   including, as I said before, your personal history, the
10   seriousness of the offense, the need for just punishment, and
11   deterrence, I shall impose a sentence of 24 months within the
12   advisory guideline sentencing range.
13            I note for the record I understand I have the
14   discretion to vary or depart from the guideline sentencing
15   range and impose a lesser sentence, like the one Mr. Fick
16   advocated for, but I choose not to exercise my discretion in
17   that manner.
18            Based on my discretion and consideration of the
19   3553(a) factors, I conclude that a 24-month sentence is a
20   reasonable one, based upon the facts and circumstances of this
21   case, and is sufficient and not greater than necessary to
22   accomplish the goals of sentencing.
23                      *   *   *   *   *   *
24
25
```